JUAN BAUTISTA ARGUINZONIS, recurrente, *v.* EL REGISTRADOR DE GUAYAMA, recurrido.

No. 632.—*Sometido:* Marzo 27, 1926. *Resuelto:* Marzo 29, 1926.

1. RECURSOS GUBERNATIVOS—DERECHO DE APELACIÓN—PERSONAS CON DERECHO A INTERPONER EL RECURSO—DERECHO QUE NO CONSTA DE LOS AUTOS.—No se entrará a resolver un recurso gubernativo cuando no consta en forma debida que el recurrente tiene derecho a interponerlo.

2. RECURSOS GUBERNATIVOS — SUBSTANCIACIÓN Y FORMALIZACIÓN DEL RECURSO— FORMALIZACIÓN INDEBIDA Y SU EFECTO.—Aún cuando el derecho del recurrente a interponer el recurso conste en debida forma, no se entrará a resolver el mismo cuando no ha sido debidamente establecido y formalizado.

3. CONTRIBUCIONES — REDENCIÓN DE PROPIEDAD VENDIDA POR CONTRIBUCIONES— CARTA DE PAGO QUE MOTIVA LA REDENCIÓN — INSCRIPCIÓN DE LA MISMA— CARTA DE PAGO NO AUTENTICADA EN FORMA Y EFECTO.—Una nota privada de redención de finca vendida en subasta por concepto de contribuciones no autenticada en forma alguna no puede servir de base para la inscripción de la transmisión de una propiedad inmueble en el registro.

4. RECURSOS GUBERNATIVOS—DISPOSICIÓN Y RESOLUCION DEL MISMO—DESESTIMACIÓN.—Cuando al Tribunal Supremo no se coloca en condiciones de resolver un recurso interpuesto, éste debe desestimarse.

NOTA de *Pérez Mercado,* R. (Guayama), denegando inscripción de un certificado de compra de bienes inmuebles. *Desestimado.*

El propio recurrente compareció por escrito; el registrador también compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 15 de marzo, 1926, se presentó en la Secretaría de esta Corte Suprema un escrito firmado por Juan Bautista Arguinzonis acompañado de un "Certificado de Compra de Bienes Inmuebles" expedido por el Colector de Rentas Internas de la Cidra el 24 de noviembre de 1923. Al pie del certificado figura una nota del Registrador de la Propiedad de Guayama de 23 de febrero de 1926 negando su inscripción y en el escrito se dice que se apela de la nota sin que se expongan en el mismo ni se hayan expuesto después dentro del plazo reglamentario, las razones en que se basa el recurso.

El certificado demuestra que una finca perteneciente a Tomás Díaz García valorada en mil dólares fué vendida en pública subasta a Anfiloquio Gándara por la suma de once dólares debida por su dueño al Pueblo de Puerto Rico por concepto de contribuciones.

Luego aparece una nota en maquinilla que dice: "Redimida la finca a que se refiere este certificado de compra por don Juan Bautista Arguinzonis, mayor de edad, casado, vecino de Cayey, P. R., habiendo recibido en el día de hoy la suma de once dólares con 34 centavos ($11.34).—Cidra, P. R., noviembre 27 de 1923." Luego hay una firma manuscrita que parece decir: "Anfiloquio Gándara." La nota es enteramente privada.

Sigue el asiento de presentación del documento y por último la negativa del registrador basada en que la finca se halla inscrita a favor de Vicente Rivera, persona distinta del contribuyente moroso y en que no se acredita el cumplimiento de los artículos 336 y 342 del Código Político.

[1, 2] A primera vista la negativa se sostiene por sus fundamentos, pero el tribunal no entrará a resolver el recurso porque no consta en forma debida que Juan Bautista Arguinzonis tenga derecho a interponerlo, y porque aunque

constare, el recurso no ha sido debidamente establecido y formalizado.

La ley autorizando la interposición de recursos contra las resoluciones de los registradores (Comp. 1911, sec. 2180 y siguientes) otorga el derecho de establecerlos a los interesados. ¿Qué interés tiene Arguinzonis? La nota privada de redención no está revestida de la autenticidad necesaria para valer por sí sola en el registro, ni en este tribunal, y aunque lo estuviera de ella no surge el derecho de Arguinzonis a redimir la finca, derecho que corresponde al dueño, sus herederos o cesionarios, o a cualquiera persona con interés en la misma. Nada hay que revele el carácter con que intervino Arguinzonis.

[3] Ya dijimos que se archivó un escrito firmado por Arguinzonis. Dicho escrito no expresa la persona a cuyo favor se pidió la inscripción y termina pidiendo a esta corte que revoque la nota denegatoria y "ordene la inscripción del documento." ¿A favor de quién? ¿Del comprador en la subasta? ¿De Arguinzonis? ¿Del primitivo dueño? La idea de la inscripción a favor del comprador no es compatible con la interposición del recurso por parte de Arguinzonis. La inscripción a favor de éste no está justificada. Una nota privada no autenticada luego en forma alguna, no puede servir de base para la inscripción de la transmisión de una propiedad inmueble en el registro. Igual razonamiento, entre otros, cabe aplicar a la idea de la inscripción a favor del antiguo dueño que sería en todo caso una reinscripción.

Además, el recurrente no ha cumplido con la regla 92 (*a*) del Reglamento de esta corte al dejar de presentar su alegato dentro del término que al efecto se concede.

[4] Bajo esas circunstancias, el Tribunal Supremo no ha sido colocado en condiciones de resolver el recurso que debe ser desestimado, devolviéndose a Arguinzonis el documento presentado.